1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NICOLE H.,

                         Plaintiff,

            v.

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.

Case No. C22-5778-RSM

**ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING
FOR FURTHER PROCEEDINGS**

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the ALJ erred by finding that she did not successfully rebut the presumption of non-disability, and by rejecting her symptom testimony and Dr. Ruddell's medical opinion. Dkt. 12. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 49 years old, has at least a high school education, and has worked as a nursery school attendance and medical biller. Admin. Record (AR) 133–134. In April 2020, Plaintiff applied for benefits, alleging disability as of October 1, 2010. AR 86, 99. Plaintiff's application was denied initially and on reconsideration. AR 97, 113. The ALJ conducted a hearing in July

1   2021, where Plaintiff amended her alleged onset date to April 20, 2020.  AR 36–64, 118.  In

2   August 2021, the ALJ issued a decision finding Plaintiff not disabled.  AR 115–40.

**DISCUSSION**

4        The Court may reverse the ALJ's decision only if it is legally erroneous or not supported

5   by substantial evidence of record.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).  The Court

6   must examine the record but cannot reweigh the evidence or substitute its judgment for the

7   ALJ's.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When evidence is susceptible to

8   more than one interpretation, the Court must uphold the ALJ's interpretation if rational.  *Ford*,

9   950 F.3d at 1154.  Also, the Court "may not reverse an ALJ's decision on account of an error

10  that is harmless."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

11       1.    ***Chavez* Acquiescence Ruling**

12       Plaintiff contends the ALJ erred by finding that she did not successfully rebut the

13  presumption of continuing non-disability.  Dkt. 12 at 2–3.

14       Plaintiff previously filed an application for SSI benefits in November 2017, and the ALJ

15  issued an unfavorable decision in March 2019 finding Plaintiff not disabled.  AR 68 –79.

16  Plaintiff did not appeal the ALJ's decision, making the ALJ's decision administratively final.  20

17  C.F.R. § 416.1455.  Plaintiff protectively filed the application at issue in April 2020, and the ALJ

18  again issued another unfavorable decision finding Plaintiff not disabled.  AR 86, 99, 118–36.  In

19  this latter decision, the ALJ considered the *Chavez* Acquiescence Ruling and found that the

20  "current available evidence continued to generally support the limitations noted previously, and

21  the presumption of continuing non-disability has not been successfully rebutted."  AR 118.

22       The ruling provides that "a final decision by an ALJ that a claimant is not disabled gives

23  rise to a presumption that the claimant continues to be not disabled after the period

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 2

adjudicated . . . ." Acquiescence Ruling 97-4(9). This presumption "applies when adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim." *Id*. To successfully rebut this presumption, the claimant must show that there has been a "changed circumstance" during the unadjudicated period, such as a change in the claimant's age category, an increase in the severity of the claimant's impairment(s), the alleged existence of an impairment(s) not previously considered, or a change in the criteria for determining disability." *Id*.

Plaintiff contends her "changed circumstance" is evident in this case because the ALJ found that she has a new severe impairment not previously considered in the 2019 decision and her symptoms have worsened. Dkt. 12 at 15. The Court need not assess the merits of Plaintiff's argument, because as Defendant points out, even if the ALJ had erred in failing to consider Plaintiff's "changed circumstances," the error is harmless. *Plummer v. Berryhill*, 747 F. App'x 631, 632 (9th Cir. 2019) (unpublished) ("The ALJ's decision did not rest solely on *res judicata*; rather, the ALJ also conducted a thorough review of the medical records and testimony to make an independent nondisability finding."); *Cha Yang v. Comm'r of Soc. Sec. Admin.*, 488 F. App'x 203, 204 (9th Cir. 2012) (unpublished) (finding the ALJ's misapplication of *Chavez* harmless because the ALJ weighed new medical evidence to formulate claimant's RFC).

Though the ALJ stated that the presumption had not been successfully rebutted, the ALJ did not actually apply the presumption. Outside the ALJ's reference to the 2019 decision, the ALJ did not seem to refer to the previous ALJ's prior findings. *See* AR 118. Further, as Plaintiff stated, the ALJ determined Plaintiff had a new severe impairment, and the ALJ proceeded with the five-step evaluation process by considering new evidence that was not available to the previous ALJ, assessing a new residual functional capacity (RFC), and finding different jobs

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 3

1    Plaintiff is able to do.  *See* AR 120–136.  Thus, the ALJ's error is harmless here.  As to whether

2    the ALJ's new findings were erroneous, the Court now addresses.

3           **2.**      **Plaintiff's Symptom Testimony**

4           Plaintiff contends the ALJ erred by rejecting her symptom testimony.  Dkt. 12 at 6–7.

5    Though unclear, Plaintiff also seems to assign error to the ALJ's failure to discuss the following

6    specific symptoms: memory loss, nervousness, fatigue, and poor concentration.  *Id*. at 4; 16 at 2–

7    3.  The Court disagrees that the ALJ failed to discuss these symptoms specifically, but as further

8    discussed below, it nonetheless finds the ALJ's symptom evaluation overall lacking.

9           Plaintiff testified to having anxiety, irritability, post-traumatic stress disorder, and

10   sleeping problems.[1]  AR 46, 49.  She stated that due to her symptoms, she avoids interacting with

11   people, going to grocery stores, and driving, and she has sleeping problems.  *See* AR 45–49.  She

12   testified she has "episodes" three to four days a week where she cannot get out of bed, take care

13   of her daughter, or do household chores due to poor sleep.  AR 51–52.  She stated she takes

14   medication for her symptoms, but she has not found them effective.  AR 47.  She explained that

15   to reduce or control her symptoms, she has to "shut down" and remove herself from situations

16   that trigger her symptoms.  AR 48, 50–52.

17          Where, as here, an ALJ determines a claimant has presented objective medical evidence

18   establishing underlying impairments that could cause the symptoms alleged, and there is no

19   affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to

20

---

21   [1] Plaintiff also testified to having symptoms from her physical impairments, but because Plaintiff only challenged the
     ALJ's evaluation of her mental health symptoms in her Opening Brief, the Court does not address the ALJ's evaluation

22   of Plaintiff's physical symptoms.  *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008)
     (declining to address an ALJ's finding because the plaintiff "failed to argue th[e] issue with any specificity in his

23   briefing").

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 4

1   symptom severity by providing "specific, clear, and convincing" reasons supported by

2   substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "The standard

3   isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that

4   it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

5           In this case, the ALJ rejected Plaintiff's testimony based on her mental status

6   examinations. AR 127–32. "When objective medical evidence in the record is *inconsistent* with

7   the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such

8   testimony." *Smartt*, 53 F.4th at 498. However, the ALJ's reliance on Plaintiff's mental

9   examinations is unavailing. The ALJ focused on the fact that Plaintiff was continuously found as

10  pleasant, cooperative, with speech within normal limits, linear thought process, and mostly clear

11  thought content during her counseling sessions. AR 127–32. But a closer look at Plaintiff's

12  treatment notes show they substantially reflect, rather than negate, Plaintiff's testimony. For

13  example, Plaintiff often reported increase in her symptoms, she repeatedly discussed "episodes"

14  where she struggled to get out of bed, and she consistently described her angry outbursts, her

15  anxiety about going outside and potentially interacting with others, her irritability when talking

16  to others, and her night terrors. AR 493–94, 549–50, 555–57, 559–60, 570, 573–74, 576–77,

17  581–82, 584–85, 587–88, 593–99. Plaintiff's mental examinations also show she was frequently

18  on alert and hypervigilant about her safety, despite having other normal findings, and Plaintiff's

19  counselor noted several instances where Plaintiff displayed confusion and poor memory. AR

20  576–77, 590, 603, 612–13.

21          In Plaintiff's progress note, Plaintiff's counselor evaluated that she has a serious

22  functional impairment due to her tendencies to withdraw from and avoid social interactions, as

23  well as inability to "perform close to usual standards in school, work, parenting, or other

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 5

obligations." AR 603.  Plaintiff's counselor also noted that despite Plaintiff's "good attendance and a high degree of cooperation," Plaintiff "has not responded to trauma treatment, an outcome consistent with other people who have suffered traumatic brain injury."  AR 605.  Plaintiff's counselor further noted that despite Plaintiff's regular engagement with counseling, she still had concentration and memory issues that prevent her following through with her case management goals.  AR 605.

Overall, Plaintiff's treatment records, as cited by the ALJ, are more aligned with Plaintiff's testimony than they are inconsistent.  Accordingly, in rejecting Plaintiff's testimony based on objective medical evidence, the ALJ erred.

### 3.    Dr. Ruddell

In June 2021, Dr. Ruddell completed an evaluation of Plaintiff's mental health and opined that due to her mental health symptoms, Plaintiff has moderate to severe limitations in basic work activities.  AR 621.

ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, with the two most important factors being "supportability" and "consistency." ! *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. § 416.920c(a).  Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources.  *See id*.; 20 C.F.R. §§ 416.920c(c)(1), (c)(2).  Under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

The ALJ rejected Dr. Ruddell's opinion due to its lack of supportability and its inconsistency with Plaintiff's longitudinal record.  AR 133.  The ALJ's assessment is not

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 6

1    supported by substantial evidence.

2            The ALJ first noted the opinion was provided in a check-box format and lacked any

3    explanation or laboratory findings.  AR 133.  But the ALJ overlooked the fact that Dr. Ruddell

4    based her findings on a mental status examination she administered herself, and that the results

5    of that examination could reasonably support her proposed limitations.  *See* AR 621–22.

6            The ALJ's rejection of Dr. Ruddell's opinion based on its inconsistency with the record is

7    also not supported by substantial evidence.  AR 133.  As discussed in the previous section,

8    Plaintiff's treatment records show she continued to have issues with her anger, irritability,

9    memory, and concentration, and that her functionality level was severe.  These findings are not

10   inconsistent with Dr. Ruddell's opinion that Plaintiff would have significant difficulties with

11   basic work activities, such as performing activities within a schedule, learning new tasks, and

12   completing a workday without interruptions from psychologically based symptoms.  The ALJ

13   specifically cited to a treatment note showing Plaintiff expressed wanting to vacation with

14   family, but this fails to detract from Dr. Ruddell's opinion—the records show that even when

15   Plaintiff expressed excitement about the prospect of interacting with family, she still had to

16   discuss with her counselor how to best interact with them to avoid any of her symptom triggers.

17   AR 133 (citing AR 614–15).

18           The ALJ also rejected Dr. Ruddell's opinion because it was a one-time examination and

19   because she was not Plaintiff's treating source.  AR 134.  The ALJ may consider these factors

20   when evaluating a medical opinion, 20 C.F.R. § 416.920c(c)(3), but primary focus is given to an

21   opinion's supportability and consistency.  20 C.F.R. § 416.920c(b)(2).  The Court has found the

22   ALJ's supportability and consistency findings are not sufficiently supported by Plaintiff's record,

23   therefore the Court cannot say rejecting Dr. Ruddell's opinion based solely on her relationship

1    with Plaintiff is sufficient to uphold the ALJ's decision.

2        **4.      Scope of Remand**

3        Plaintiff requests the Court remand this matter for an award of benefits, or alternatively,

4    for a new hearing.  Dkt. 12 at 9.

5        Remand for an award of benefits "is a rare and prophylactic exception to the well-

6    established ordinary remand rule."  *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).  The

7    Ninth Circuit has established a three-step framework for deciding whether a case may be

8    remanded for an award of benefits.  *Id.* at 1045.  First, the Court must determine whether the ALJ

9    has failed to provide legally sufficient reasons for rejecting evidence.  *Id.* (citing *Garrison*, 759

10   F.3d at 1020).  Second, the Court must determine "whether the record has been fully developed,

11   whether there are outstanding issues that must be resolved before a determination of disability

12   can be made, and whether further administrative proceedings would be useful."  *Treichler v.*

13   *Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and

14   quotation marks omitted).  If the first two steps are satisfied, the Court must determine whether,

15   "if the improperly discredited evidence were credited as true, the ALJ would be required to find

16   the claimant disabled on remand."  *Garrison*, 759 F.3d at 1020.  "Even if [the Court] reach[es]

17   the third step and credits [the improperly rejected evidence] as true, it is within the court's

18   discretion either to make a direct award of benefits or to remand for further proceedings."  *Leon*,

19   880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

20       Only the first step is met here, as the Court has found the ALJ erred in evaluating

21   Plaintiff's testimony and Dr. Ruddell's medical opinion.  However, both are contradicted by

22   other evidence in the record, such as the medical opinions of the state agency consultants, raising

23   a conflict in the record that requires a resolution.  *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th

Cir. 2015) ("[T]he district court must 'assess whether there are outstanding issues requiring resolution *before* considering whether to hold that [the rejected evidence] is credible as a matter of law.'") (quoting *Treichler*, 775 F.3d at 1105); AR  90–91, 105–06.  Plaintiff also has not analyzed the factors the Court considers before remanding for an award of benefits, nor shown any rare circumstances.  Accordingly, the Court finds remanding for further proceedings is the more appropriate remedy.

On remand, the ALJ shall reevaluate Plaintiff's testimony and Dr. Ruddell's opinion regarding her mental health symptoms.  The ALJ shall reevaluate all relevant steps of the disability evaluation process and conduct all proceedings necessary to reevaluate the disability determination in light of this Order.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 28th day of September, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 9